Donna C. Willard
Law Offices of Donna C. Willard
1120 E. Huffman Road
Suite 23, No. 231
Anchorage, Alaska  99515
Telephone: (907) 278-3641
Facsimile: (907) 345-1804

Attorney for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA for the use and benefit of ALASKA IMPORTING, INC., d/b/a COLUMBIA RESTAURANT & BAR SUPPLY COMPANY,<br><br>    Plaintiff,<br><br>OSBORNE CONSTRUCTION COMPANY and SAFECO INSURANCE COMPANY OF AMERICA,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Case No. A04-0126 CV (TMB) |

**MOTION FOR ORDER COMPELLING DISCOVERY**
**TOGETHER WITH MEMORANDUM IN SUPPORT**

  COME NOW defendants Osborne Construction Company ("Osborne") and Safeco Insurance Company of America ("Safeco"), by and through their counsel of record and, pursuant to Rule 37(a) of the Federal Rules of Civil Procedure, as well as Local Rule 37.1, respectfully seek entry of an order compelling responses to long outstanding discovery requests.

I.  **RELEVANT FACTS**.

On October 21, 2005, defendants served their first discovery requests, seeking admissions (Civil Rule 36), documents (Civil Rule 34) and answers to interrogatories (Civil Rule 33), a copy of which is attached hereto as Exhibit "A."  An initial response, directed solely to the requests for admission, was received on November 21, 2005.[1]  However, it was not signed by the plaintiff but, rather, its attorney.

On December 1, 2005, a letter was written indicating the need for all of the information in order to be prepared for pending depositions.[2]  Thereafter, on December 5, 2005, a sheaf of documents, consisting of some airline reservation forms and telephone records was provided.  Thereafter, while promises were made with respect to the outstanding items, nothing was received.

In an effort to move forward, defense counsel, on March 13, 2006, detailed what was necessary in order to satisfy the requests, as well as other materials that plaintiff had agreed to produce because they should have been included in the documents required by the initial disclosure process (Civil Rule 26(a)).  A copy of that correspondence is attached hereto as Exhibit "D."

Yet again, on March 21, 2006, it appeared that plaintiff would comply.[3]  However, not one further word on the subject has been

---

[1]  The document is attached hereto as Exhibit "B."

[2]  Exhibit "C" hereto.

[3]  Exhibit "E."

MOTION TO COMPEL
Page 2

received, no responses to the discovery requests have been forthcoming and no documents have been produced.

This matter is set for trial on September 25, 2006, a date that it will be impossible to meet if discovery is not completed. In addition, as referenced in the Certification of Readiness For Trial dated February 27, 2006,[4] at paragraph 2, depending on what materials are received, defendants might very well need to bring motions.

## II. **AUTHORITY**.

A party is entitled to discovery of all facts underlying any claim or defense in an action.[5] Furthermore, documents containing both facts and legal conclusions must be produced.[6] The information sought via the discovery requests is necessary in order for Osborne and Safeco to defend themselves in this litigation. And, the law unequivocally supports their right to them.

## III. **ATTEMPTS AT COMPLIANCE**.

As evidenced by a copy of her June 12, 2005 letter to opposing counsel, attached hereto as Exhibit "G," every effort has been made

---

[4] For the convenience of the Court, a copy is attached hereto as Exhibit "F."

[5] *Laxalt v. McClatchey*, 116 F.R.D. 438, 443 (D. Nev. 1987); *Brandenberg v. El Al Israel Airlines*, 79 F.R.D. 543 (S.D. N.Y. 1978).

[6] *Bogsian v. Gulf Oil Corporation*, 738 F.2d 587, 595 (3d Cir. 1984).

MOTION TO COMPEL
Page 3

to comply with the provisions of Local Rule 37.1. However, no response has been received and the motion can no longer be held in abeyance.

IV. **CONCLUSION**.

For the reasons stated herein, Safeco respectfully requests that the Court grant this Motion and compel plaintiff Columbia Restaurant and Bar Supply Company to comply with defendants' discovery requests, as well as to produce the items enumerated in counsel's letter dated March 13, 2006.

DATED this 16th day of June, 2006.

LAW OFFICES OF DONNA C. WILLARD
Attorney for Osborne & Safeco

By: _____
Donna C. Willard
Bar No. 7011072

THIS IS TO CERTIFY that a true and correct copy of the foregoing was mailed to Bill Artus this 16th day of June, 2006.

_____
Donna C. Willard

MOTION TO COMPEL
Page 4

LAW OFFICES
DONNA C. WILLARD
1120 E. HUFFMAN ROAD
SUITE 23, NO. 231
ANCHORAGE, ALASKA 99515
(907) 278-3641