William D. Artus
Attorney at Law
629 L Street, Suite 104
Anchorage, Alaska  99501
Telephone:  907-277-9918
Telefax:    907-279-9918

Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA for the use and benefit of ALASKA IMPORTING, INC., d/b/a COLUMBIA RESTAURANT & BAR SUPPLY COMPANY,<br><br>       Plaintiff,<br><br>v.<br><br>OSBORNE CONSTRUCTION COMPANY and SAFECO INSURANCE COMPANY OF AMERICA,<br><br>       Defendants. | Case No. A04-0126 CV |

<u>RESPONSE TO MOTION FOR ORDER COMPELLING DISCOVERY</u>

Plaintiff Alaska Importing Inc., d/b/a Columbia Restaurant & Bar Supply Company (Columbia), by and through its attorney, William D. Artus, submits this response to the Motion for Order Compelling Discovery submitted by defendants.  The motion requests Columbia to produce documents and things referred to in the letter from Donna Willard to the undersigned dated March 13,

1

2006.  The documents and things requested and the response of Columbia to the requests are set forth below:

   1.   Project Pictures - Columbia will produce the Project Pictures referenced in the letter.

   2.   Project Time Sheets - Columbia and the employees who worked on the Project do not prepare or keep detailed time sheets and there are no in-house hourly time records for employees who worked on the project.  Columbia submitted certified payrolls to Osborne that described the name of the employee and the dates and hours worked on the project throughout the time it was working on the Project and Osborne has or should have the certified payroll records.  The certified payroll records have the most descriptive time sheets or time records for the employees of Columbia who worked on the Project.

   3.   The Simplex Grinnell and H&K Contracts - Columbia did not enter into written contracts with Simplex Grinnell or H&K and there are no such contracts.

   4.   Southern Equipment and Gaylord - Columbia did not purchase any equipment for the Project from Southern Equipment and Columbia does not have any documents or other things that pertain to Southern Equipment.  Any documents or things pertaining to Southern Equipment were discarded when it was determined that no equipment would be purchased from Southern Equipment.  Columbia

does have invoices from Gaylord Industries, Inc. and those invoices are available for review by defendants.

5. Nevada telephone records – The Nevada Telephone Records are available for review by defendants.

6. Alaska Airlines mileage plan statements – Roy Devincenzi, the president of Columbia, does not keep copies of Alaska Airlines mileage plan statements. Mr. Devincenzi does have records of airline travel during the time Columbia was working on the Project. Those documents or records are available for review by defendants.

7. Documents that Would Reveal the Basis for Columbia's Bid – Columbia requested bids or proposals from many manufacturers or suppliers of the equipment and things that were considered or used for the Project. There are several boxes of these documents and things. Columbia will make those boxes available to defendants.

8. E-Mail Traffic – Columbia has attempted to retrieve the e-mails that were generated for the Project. When an employee of Columbia was terminated the e-mails and other folders and files were transferred from one computer to the computer that is now used by Roy Devincenzi. However, Mr. Devincenzi has been unable to locate the file or folder that contains the e-mails. Columbia hired a computer technician to retrieve the e-mails and, so far,

Columbia has not been able to locate and print the e-mails. Columbia will continue to try to retrieve the e-mails. However, it is likely that in the process of transferring e-mails from one computer to another the e-mails have been lost in or deleted from the hard drive and cannot be recovered.

9. Project Submittals – All submittals for the Project were given to Osborne. Osborne has or should have copies of all such submittals.

10. Damages Calculations – Columbia will provide a damages calculation to defendants.

DATED at Anchorage, Alaska on June 30, 2006.

/s/ William D. Artus
William D. Artus
629 L Street, Suite 104
Anchorage, AK 99501
Telephone: (907) 277-9918
Telefax:   (907) 279-9918
E-Mail: artuslaw@alaska.com
Alaska Bar No. 7410059

I certify that on June 30, 2006 a true and
correct copy of this Response was served on:

Donna C. Willard, attorney for defendants

by electronic means through the ECF system as
indicated on the Notice of Electronic Filing.

/s/ William D. Artus
William D. Artus